UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAQUALA L. HOWARD,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC,<br><br>    Defendant. | Case No. 3:20-cv-03430 |

**NOW COMES** TAQUALA L. HOWARD, by and through her undersigned counsel, complaining of Defendant ALLIED INTERSTATE, LLC, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

2.  "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.  As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. TAQUALA L. HOWARD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Dallas, Texas.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

10. ALLIED INTERSTATE, LLC ("Defendant") maintains its principal place of business at 12755 Highway 55, Plymouth, Minnesota 55441.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 9907 and 7753.

15. At all times relevant, Plaintiff's numbers ending in 9907 and 7753 were assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

17. At one point, Plaintiff rented a public storage unit for personal purposes.

18. Plaintiff allegedly fell behind on her payments on the public storage unit and amassed an alleged unpaid balance of $538 ("subject debt").

19. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

20. At some point in time, the subject debt was placed with Defendant for collection.

21. In 2019, Plaintiff started to receive collection calls from Defendant to her cellular phone number ending in 9907.

22. Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

23. During at least two separate phones call with Defendant, Plaintiff informed Defendant that she was busy and requested that Defendant stop calling her.

24. Each time Plaintiff answered Defendant's calls, she was met by a lengthy period of dead air and was required to say "hello" multiple times prior to being connected to an agent.

25. Despite Plaintiff's requests that the calls cease, Defendant continued to place collection calls to Plaintiff.

26. In November 2019, Plaintiff obtained a new cellular phone number ending in 7753 and terminated the cellular phone number ending in 9907.

27. At no point in time did Plaintiff provide Defendant with her new number or otherwise consent to be contacted on her new number ending in 7753.

28. To Plaintiff's disbelief, Defendant started placing harassing collection calls to Plaintiff's new number ending in 7753.

29. Plaintiff answered one of Defendant's calls to her new number and again requested that Defendant cease its collection calls.

30. Despite Plaintiff's requests that Defendant cease its harassing collection calls, Defendant continued to place collection calls to Plaintiff's new number, including calls from the phone number (877) 482-5477.

31. During one specific call in which Plaintiff requested that the calls stop, Defendant's representative asked when he could call again immediately after Plaintiff had requested the calls cease.

32. Despite Plaintiff's repeated requests that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt.

33. In total, Defendant has placed no less than fifty (50) harassing collection calls to Plaintiff's cellular phone numbers after Plaintiff initially requested that the calls cease.

## DAMAGES

34. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

35. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of her cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

36. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

37. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone numbers using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

41. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

42. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically.

5

43. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

44. Defendant violated the TCPA by placing no less than fifty (50) harassing collection calls to Plaintiff's cellular phone using an ATDS without her consent.

45. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during phone calls that she answered.

46. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

47. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

48. Upon information and belief, Defendant does not maintain adequate procedures to document consumer cease requests and honor cease-call requests made by consumers.

49. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet Defendant continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

50. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA §1692c

51. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

52. As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

53. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

54. Defendant violated § 1692c(a)(1) when it placed at least 50 collection calls to Plaintiff's cellular phone numbers at a time Defendant knew to be inconvenient to Plaintiff.

55. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA §1692d

56. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

57. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

58. Defendant violated §§ 1692d and d(5) when it placed at least 50 collection calls to Plaintiff's cellular phone numbers in an attempt to collect the subject debt.

59. Defendant's conduct in systematically calling Plaintiff's cellular phone numbers in an attempt to collect the subject debt was harassing and abusive.

60. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant she no longer wished to be contacted on her cellular telephone.

61. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

   c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III
**Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)**

62. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

63. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

64. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

65. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 17, 2020                             Respectfully submitted,

                                                                   **TAQUALA HOWARD**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com