UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAQUALA L. HOWARD,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC,<br><br>　　　Defendant. | Case No. 3:20-cv-03430-G<br><br>Honorable Senior Judge A. Joe Fish |

　　　Taquala L. Howard ("Plaintiff"), by and through her undersigned counsel, respectfully submits the following response to this Honorable Court's Order to Show Cause issued on February 17, 2021 [Dkt. 8], as follows:

　　　1.　　On November 17, 2020, Plaintiff filed the instant action against Allied Interstate, LLC ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

　　　2.　　After the filing of the Complaint, the undersigned discovered that Defendant filed for bankruptcy protection on September 10, 2020. Specifically, the undersigned discovered that Defendant was in an active Chapter 11 bankruptcy pending in the Bankruptcy Court for the Southern District of Texas, Case No. 4:2020-bk-34500. *See* attached Exhibit A, pg. 5.

　　　3.　　Defendant's bankruptcy filing triggered the protections of the bankruptcy automatic stay pursuant to 11 U.S.C. §362, which provides that a bankruptcy filing operates as a stay of the commencement or continuation of an act to "recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. §362(a)(1)

4.  The bankruptcy automatic stay further prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. §362(a)(6)

5.  Here, a substantial amount of Defendant's conduct that gives rise to Plaintiff's claims took place *after* Defendant's bankruptcy filing and would not be subject to the automatic stay.

6.  However, out of an abundance of caution, Plaintiff did not serve Defendant or take any action to move this case along in an effort to avoid violating the automatic stay.

7.  In light of Defendant's bankruptcy filing, Plaintiff respectfully requests that the Court stay the case pending Defendant's bankruptcy or until the termination of the automatic stay, whichever comes first.

8.  Based on the foregoing, Plaintiff respectfully requests that the Court terminate the Order to Show Cause and stay the case.

Dated: February 23, 2021

Respectfully submitted,

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com